# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**DUNYASHA JAMAR LAWRENCE,**

      **Plaintiff,**

v.                                                 **Civil Action No. 1:11cv190**
                                                            **(Judge Keeley)**

**NORTHERN REGIONAL JAIL AUTHORITY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On December 2, 2011, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant. On December , 2011, the plaintiff was granted leave to proceed *in forma pauperis*, and his initial partial filing fee was waived. This case is before the undersigned for an initial review and report and recommendation.

## I. The Complaint

In the complaint, the plaintiff, who is now incarcerated at the Tygart Valley Regional Jail, alleges that on September 7, 2011, while he was incarcerated at the Northern Regional Jail, he told staff that he wanted to be removed from his housing unit because he had been threatened and feared for his life. Although his complaint is not entirely clear, it appears that he was not removed, and an altercation thereafter occurred between himself and another inmate. The plaintiff maintains that he was then restrained and while being escorted out of the unit, he slipped, fell, and dislocated his left shoulder. The plaintiff further alleges that he was discriminated against when he was given three disciplinary procedures while the inmate who threatened and assaulted him was given only two procedures. Finally, the plaintiff alleges he sent his laundry out to be washed, and it took seven (7) days for it to come back. The plaintiff maintains that during that time, he couldn't take a shower or

do proper hygiene. As relief, the plaintiff seeks five hundred million dollars in damages and to have his shoulder fixed.

## II. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of

---

[1] Id.

2

the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded

within 60 days, inclusive of any extensions.

The plaintiff's complaint clearly establishes that a prisoner grievance procedure is available at the Northern Regional Jail, but that he did not present the facts relating to his complaint in this grievance program because he "was afraid of what would be done while in custody there." (Doc. 1, p.4). Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate.[2] See Anderson, 407 F.3d at 682.

## II. THE NORTHERN REGIONAL JAIL

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

---

[2] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). Here, the plaintiff indicates that he was hospitalized and recovering and tried to contact counsel to represent [him], but to no avail." (Doc. 1, p.3). To the extent, therefore, that exhaustion may be waived, the plaintiff has failed to set forth any accepted reason to excuse his failure to exhaust.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

The Northern Correctional Facility is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, even if the plaintiff had exhausted his administrative remedies, his complaint still would be due to be dismissed for failure to name a proper defendant.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is recommended that plaintiff's complaint be **DISMISSED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 6, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE