```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DUNYASHA JAMAR LAWRENCE,**

    **Plaintiff,**

**v.**                    //        CIVIL ACTION NO. 1:11CV190
                                    (Judge Keeley)

**NORTHERN REGIONAL JAIL AUTHORITY,**

    **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Magistrate Judge's Report and Recommendation concerning the civil rights action filed by the pro se plaintiff, Dunyasha Jamar Lawrence ("Lawrence"). For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

### I.

On December 2, 2011, Lawrence filed a complaint pursuant to 42 U.S.C. § 1983 against the Northern Regional Jail Authority ("NRJA") alleging wrongful treatment, excessive force, discrimination, and exposure to unsafe living conditions by NRJA staff. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge John S. Kaull on December 2, 2011 for initial screening and a report and recommendation in accordance with LR PL P 2.

Magistrate Judge Kaull issued a Report and Recommendation ("R&R") on December 6, 2011, recommending sua sponte dismissal of Lawrence's claims. (Dkt. No. 8). He determined that Lawrence's

**LAWRENCE v. NORTHERN REGIONAL JAIL AUTHORITY**  1:11CV190

**ORDER ADOPTING REPORT AND RECOMMENDATION**

concession on the face of his complaint that he had failed to exhaust his administrative remedies prior to filing this action authorized the Court, pursuant to 28 U.S.C. § 1915(e)(2), to dismiss the case sua sponte. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 682(4th Cir. 2005) (holding that, although an inmate is not required to allege exhaustion of remedies in his § 1983 complaint, where the failure to exhaust is "apparent from the face of a complaint . . . sua sponte dismissal is appropriate") (citing Nasim v. Warden, 64 F.3d 951, 954-55 (4th Cir. 1995) (en banc)). Magistrate Judge Kaull also concluded that Lawrence's excuse for failure to exhaust, that he "was afraid of what would be done while in custody there," (dkt. no. 1 at 4), was insufficient to waive the exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Finally, Magistrate Judge Kaull determined that, even had Lawrence exhausted his administrative remedies, the NRJA is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983.

Lawrence filed objections to Magistrate Judge Kaull's R&R on December 19, 2011, which argued that he "didn't know that the appeals process went to a level higher up than the Sergant [sic]."

**LAWRENCE v. NORTHERN REGIONAL JAIL AUTHORITY**  1:11CV190

**ORDER ADOPTING REPORT AND RECOMMENDATION**

(Dkt. No. 13). He further represents that he did not know the NRJA was an improper defendant, and he seeks to add "Cpl Brian Wright" as a named defendant. Lawrence also requested Court-appointed counsel to represent him in this matter. (Dkt. No. 14).

II.

Following a de novo review, the Court concludes that Lawrence's objections are without merit. Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), a prisoner must exhaust all available administrative remedies prior to filing an action challenging prison conditions under § 1983 or any other federal law. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (affirming dismissal of inmate's claim of severe assault by prison officials on grounds that he failed to exhaust administrative grievance remedies). Moreover, where the failure to exhaust is "apparent from the face of a complaint . . . sua sponte dismissal is appropriate." Anderson, 407 F.3d at 682.

Here, Lawrence expressly acknowledged in his complaint that a prisoner grievance procedure was available to him and that he chose not to file any grievance. (Dkt. No. 1 at 4). His explanation that

3

he "was afraid of what would be done while in custody there" does not excuse his failure to exhaust. Nor is his assertion in his objections that he did not understand the administrative appeals process availing as a basis for waiver. See Booth, 532 U.S. at 741 n.6. As Magistrate Judge Kaull explained in the R&R, although some courts have waived the exhaustion requirement where prison officials actively blocked an inmate from accessing the grievance process, Lawrence has made no such claim here. See, e.g. Ziemba v. Wezner, 366 F.3d 161, 163 (2d. Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Aceves v. Swanson, 75 Fed. App'x 295, 296 (5th Cir. 2003); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

Finally, both Lawrence's attempt to amend his complaint to add an individual defendant as well as his request for counsel are moot in light of his failure to exhaust his administrative remedies.

### III.

For the reasons discussed, the Court:

1. **ADOPTS** the R&R in its entirety (dkt. no. 8);

2. **DENIES AS MOOT** Lawrence's Motion for Request of Counsel (dkt. no. 14); and

3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

**LAWRENCE v. NORTHERN REGIONAL JAIL AUTHORITY**                              **1:11CV190**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of this Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: July 24, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE